# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### WESTERN DIVISION

CIVIL ACTION NO._____

| | |
|---|---|
| Jane Doe, **Plaintiff**     v. | ) ) ) ) |
| Gerald Fournier, as Superintendent of Palmer Public Schools, Town of Palmer, Town of Palmer School Committee, Gary A. Blanchette as a Member of the Town of Palmer School Committee, Mary A. Salzmann, as a Member of the Town of Palmer School Committee, David M. Lynch, as a Member of the Town of Palmer School Committee, James St. Amand, as a Member of the Town of Palmer School Committee, Robert Janasiewicz, as a Member of the Town of Palmer School Committee, Maureen R. Gallagher, as a Member of the Town of Palmer School Committee, Bonny Rathbone, as Former Principal of Palmer High School and Patrick Van Amburgh, **Defendants** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO FILE COMPLAINT UNDER SEAL AND PROCEED UNDER A PSEUDONYM**

## INTRODUCTION AND FACT SUMMARY

This case arises out of an incident in which a Palmer High School guidance counselor had sexual intercourse with the plaintiff, then a 17 year old Palmer High School student, after pursuing her in person and through 1300 text messages over the course of two weeks.   Complaint, ¶¶52-57.  The incident was part of a contest in which the guidance counselor and another adult employee of the school were engaged to see

who could have sex with the most female students, and in which they collected the student's belts as trophies. Complaint, ¶¶35-36.

The guidance counselor, defendant Patrick Van Amburgh ("Mr. Van Amburgh"), two years prior to the incident had been investigated by police for allegedly having had sex with a student. Complaint, ¶¶24-25. Palmer High School officials conducted no reasonable investigation of the incident. Complaint, ¶30. Following the police investigation, the Superintendent of Schools, defendant Gerald Fornier, personally observed Mr. Van Amburgh involved in inappropriate conduct with female students and at one point attempted, unsuccessfully, to transfer him to the middle school. Complaint, ¶¶38-40. No further investigation or action was taken against Mr. Van Amburgh. Complaint, ¶43.

Following these incidents, Mr. Van Amburgh successfully targeted the minor plaintiff for sex. Complaint, ¶57. Palmer High School investigated, and the investigation confirmed Mr. Van Amburgh's conduct and he was terminated. Complaint ¶¶65-67. The reasons cited in writing for the termination were, among other things, (a) having sexual intercourse with at least one current student (the plaintiff), (b) inappropriate interactions and communications with several other female students, (c) misuse of work time, including thousands of text messages to female students, and (d) visiting inappropriate websites during school time. Complaint, ¶67.

The lawsuit involves claims against the Town of Palmer, the Superintendent of Schools, the School Committee, the School Committee members in their capacity as such, the former Principal of the Palmer High School, and Mr. Van Amburgh. The plaintiff and her immediate family still reside in Palmer. The plaintiff's siblings currently

attend Palmer High School.  Based on Mr. Van Amburgh's popularity among students
and some staff, the plaintiff has been subjected to demeaning and hateful verbal attacks
by those who were aware that she reported being sexually abused by Mr. Van Amburgh.
The plaintiff has suffered and continues to suffer emotional distress over having been
taken advantage of by a guidance counselor.  The plaintiff is feeling a tremendous
amount of additional distress over her name being publicized given the sexual nature of
the case and the humiliating way in which she was taken advantage of by a trusted school
official.  The plaintiff also believes that she will be subject to further harassment and
verbal attacks.

## ARGUMENT

In determining whether a litigant may proceed anonymously, the court must
assess "whether the plaintiff has a substantial privacy right which outweighs the
'customary and constitutionally embedded presumption of openness in judicial
proceedings' *MacInnis v. Cigna Group Ins. Co.*, 379 F. Supp. 2d 89 (D. Mass. 2005)
(quoting *Doe v. Bell Atlantic Bus. Sys.*, 162 F.R.D 418, 420 (D. Mass. 1995)).  Among
the factors that courts have considered are the following:

> 1) whether the plaintiff is challenging governmental activity or an individual's
> actions, 2) whether the plaintiff's action requires disclosure of information of the
> utmost intimacy, 3) whether identification would put the plaintiff at risk of
> suffering physical or mental injury, 4) whether the defendant would be prejudiced
> by allowing the plaintiff to proceed anonymously, and 5) the public interest in
> guaranteeing open access to proceedings without denying litigants access to the
> justice system.

*John Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006).

Cases involving minors have routinely been allowed to be filed using
pseudonyms.  *See, e.g., Jane Doe v. The Williston Northampton School, et al.*, Civ.

Action No. 10-30081-MAP (allowing the plaintiff allegedly sexually assaulted by a teacher while a minor to continue under a pseudonym after reaching the age of majority); *Kolko*, 242 F.R.D. at 193 (allowing adult plaintiff who had been victim of sexual assault as a minor to proceed under a pseudonym); *see also Doe v. Brookline Sch. Comm.*, 1986 U.S. Dist. LEXIS 20858 (D. Mass.); *April K. v. The Boston Children's Service Ass'n*, 581 F. Supp. 711 (D. Mass. 1984) (allowing minors to proceed under a pseudonym). The age of majority in Massachusetts is eighteen years old. Mass. G.L. ch. 231 §85P. In the present case, the plaintiff was a minor high school student when she was taken advantage of sexually by a guidance counselor. She was allowed to proceed under a pseudonym at the Massachusetts Commission Against Discrimination, which found probable cause to credit her allegations. The plaintiff should be allowed to continue in Federal Court under a pseudonym based on the fact that the illegal conduct occurred when she was a minor.

"Unquestionably, one's sexual practices are among the most intimate parts of one's life." *John Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D. R.I. 1992). "When those sexual practices fall outside the realm of 'conventional' practices which are generally accepted without controversy, ridicule or derision, that interest is enhanced exponentially." *Id.* The use of a pseudonym is particularly appropriate for an adult plaintiff asserting a claim of a sexual nature that occurred when the plaintiff was a minor. *Kolko*, 242 F.R.D. at 193; *see also Mary Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001) (allowing pseudonym for adult asserting a claim of a sexual nature); *Jane Doe v. Penzato*, 2011 WL 1833007 (N.D. Cal. 2011) (allowing adult abused as a minor to proceed under a pseudonym). In the present case, the plaintiff was taken advantage of sexually by a school guidance counselor. The plaintiff apparently was the

subject of a disgraceful competition between Mr. Van Amburgh and another school employee to see who could have sex with the most students and in which they apparently collected the girls' belts as trophies. Certainly a student having sexual relations with her guidance counselor falls outside of the realm of conventional sexual practices. The plaintiff, who was at least one of the victims of this disgraceful contest, deserves to have her name protected while pursuing her rights.

A plaintiff's challenge of government activity is one of the "circumstances common to the fictitious name cases and which support the use of a pseudonym. *See Jane Doe v. Univ. of Rhode Island*, 1993 WL 667341 (D. R.I. 1993). This is particularly a sensitive issue here as the plaintiff is suing governmental entities and individuals in a town in which she and her family still live. Additionally, the plaintiff's siblings currently attend the Palmer High School.

The plaintiff has suffered and continues to suffer emotional distress over being taken advantage of by an adult guidance counselor at her school. The plaintiff wishes to proceed with her claim but is distressed further over the prospect of the publication of her name in relationship to this sexual incident. The plaintiff believes that publicizing her name given the nature of this case will exacerbate the emotional distress she is already suffering. The plaintiff has "a right to expect that [the defendants' conduct] will not be compounded by a further invasion of [her] privacy" or further damage her already fragile emotional state. *See Kolko*, 242 F.R.D. at 193 (involving an adult plaintiff who had been sexually abused as a minor by a rabbi/teacher at a private Jewish school).

The defendants not only would not be prejudiced by allowing the plaintiff to proceed under a pseudonym, it would be quite shocking if the school defendants did not

fully support it.  The Superintendant of Schools terminated Mr. Van Amburgh after concluding from the school's investigation that Mr. Van Amburgh had sexual intercourse with at least one current student (the plaintiff), inappropriate interactions and communications with several other female students, and misuse of work time, including thousands of text messages to female students.  Given that the inappropriate sexual conduct was perpetrated by a guidance counselor who the school placed in a position of power and trust over its minor students, one would expect that the school defendants would want nothing more than to protect the plaintiff from experiencing any more humiliation or emotional distress.  The defendants are fully aware of the identity of the plaintiff and in no way will be prejudiced.

Here, the public interest actually weighs in favor of anonymity.  As with other types of sexual assault cases, the public interest is served through allowing anonymity because it encourages other victims to pursue their rights.  *See Evans*, 202 F.R.D. 176 ("the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights."); *see also Kolko*, 242 F.R.D. at 195 (noting that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes").  In the present case, particularly given the allegations of a contest and potentially other victims, allowing anonymity may avoid deterring other potential victims of Mr. Van Amburgh or victims of sexual abuse by officials in other schools from pursuing their rights.

## CONCLUSION

For the foregoing reason, the plaintiff's Motion to File Complaint Under Seal and Proceed Under a Pseudonym should be allowed.

The Plaintiff,
JANE DOE
By Her Attorneys:

Dated:  June 3, 2011

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter – BBO #631922
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA  01115
Tel:  (413) 781-2820
Fax:  (413) 272-6806

#1127528