EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

Docket No. 09-SED-00873

|  |  |
|---|---|
| JANE DOE,<br>    Complainant<br><br>vs.<br><br>TOWN OF PALMER, ET AL.,<br>    Respondents | COMPLAINANT'S OPPOSITION<br>TO RESPONDENTS'<br>MOTION TO DISMISS |

## I. Introduction

The complainant Jane Doe ("Ms. Doe") opposes the Motion to Dismiss ("Respondents' Motion") of respondents Town of Palmer, Town of Palmer School Committee, Mary A. Salzmann, as a Member of the Town of Palmer School Committee, David M. Lynch, as a Member of the Town of Palmer School Committee, James St. Amand, as a Member of the Town of Palmer School Committee, Robert Janasiewicz, as a Member of the Town of Palmer School Committee, Maureen R. Gallagher, as a Member of the Town of Palmer School Committee, Gerald Fournier, as Superintendent of Palmer Public Schools, and Bonny Rathbone, as Principal of Palmer High School ("Respondents"). Patrick Van Amburgh, a guidance counselor at Palmer High School, subjected Ms. Doe to sexual harassment while she was a student at the school. The Respondents knew or should have known that Mr. Van Amburgh was a serial offender who had subjected a number of the female students at Palmer High School to sexual harassment. Respondents' Motion argues that Ms. Doe is without recourse in the Massachusetts Commission Against Discrimination (the "Commission") because, according to Respondents, Massachusetts General Laws ch. 151C ("Chapter 151C") does not permit a student victim of sexual harassment

to file a complaint with the Commission (Respondents' Motion, p. 4); Chapter 151C does not apply to public schools (Respondents' Motion, p. 4); and Chapter 151C does not provide for actions against individuals (Respondents' Motion, p. 5). Respondents' arguments are based upon a selective reading and overly narrow construction of Chapter 151C and are unsupported by any authority. The motion to dismiss should be denied.

## II.     Argument

### A.     The Commission has jurisdiction over Ms. Doe's claim under Chapter 151C.

"[W]here two or more statutes relate to the same subject matter, they should be construed together so as to constitute a harmonious whole consistent with the legislative purpose." *Board of Education v. Assessor of Worcester*, 368 Mass. 511, 513-514 (1975). Chapter 151C, § 2(g) ("Section 2(g)") is part of a statutory scheme (including Chapter 214, Section 1C and Chapter 151B, Section 9) which prohibits sexual harassment and provides for private enforcement by complaint to the Commission and suit in Superior Court. Here, the statutory scheme makes clear the legislature's intent to confer jurisdiction on the Commission over claims, such as the claims in this case, of sexual harassment perpetrated by a teacher against a public school student. Section 2(g) defines sexual harassment as an "unfair educational practice." *See* Mass. Gen. Laws ch. 151C, § 2(g) ("It shall be an unfair educational practice for an educational institution:-- (g) To sexually harass students in any program or course of study in any educational institution").[1] Section 9 of Chapter 151B provides for a cause of action in Superior Court for violations of Chapter 151C, but only when an aggrieved student has first filed a claim with the Commission. *See* Mass. Gen. Laws ch. 151, § 9 ("Any person claiming to be aggrieved by a

---

[1] Section 2(g), which adds to Section 2's list of "unfair education practice[s]" was added by amendment in 1986. *See* 1986 Mass. Acts 588, § 5. Section 3 was last amended in 1972. *See* Mass. Gen. Laws ch. 151C, § 3.

practice made unlawful ... under chapter one hundred and fifty-one C ... may, at the expiration of ninety days **after the filing of a complaint with the commission** ... bring a civil action ... in the superior ... court") (emphasis added). Section 1C of Chapter 214 also provides a cause of action for violations of Section 2(g) of Chapter 151C, but requires, as a prerequisite to filing suit in court, that the student victim of sexual harassment must first file his or her claim with the Commission. *See* Mass. Gen. Laws ch. 214, § 1C ("A person shall have the right to be free from sexual harassment, as defined in chapter ... one hundred and fifty-one C. The superior court shall have the jurisdiction to enforce this right.... No claim under this section that is also actionable under chapter 151B or chapter 151C shall be brought in superior court **unless a complaint was timely filed with the Massachusetts commission against discrimination** under said chapter 151B") (emphasis added).[2] The statutory scheme, accordingly, gives the Commission jurisdiction over claims of sexual harassment, including claims for sexual harassment in educational institutions. *See Lowery v. Klemm*, 446 Mass. 572, 578 (2006) (stating that Chapter 214, Section 1C "gives students who are sexually harassed in violation of G.L. c. 151C, § 2(g) access to the remedial provisions of G.L. c. 151B, § 9").[3]

The fact that Section 3(a) of Chapter 151C, relied upon by the Respondents, sets forth a procedure for certain specified persons ("person[s] seeking admission as a student to any educational institution, or enrolled as a student in a vocational training institution") aggrieved by

---

[2] The second through fourth sentences of Chapter 214, Section 1C, which include the operative sentence referred to above, were added effective November 5, 2002. 2002 Mass. Acts 223, § 3.

[3] Whether a student who is a victim of sexual harassment in school may file suit in Superior Court under Section 1C of Chapter 214 without first filing a claim with the Commission has not yet been decided by any Massachusetts appellate court. In *Morrison v. Northern Essex Community College*, 56 Mass. App. Ct. 784, 786 n.5 (2002), where the issue of exhaustion of administrative remedies was apparently not raised by the parties, the Appeals Court "proceed[ed] on the assumption that c. 151C permits individuals [claiming sexual harassment] to make a claim for damages or injunctive relief, in the first instance, in the Superior Court."

3

an alleged unfair educational practice to file a complaint with the Commission, does not mean that students who have been subjected to sexual harassment in violation of Chapter 151C may not also file claims with the Commission under related statutory authority.

Respondents have cited no cases in which the Commission (or any court) ruled that the Commission is without jurisdiction to entertain claims for sexual harassment under Section 2(g). The cases cited by Respondents, in which the Commission ruled that it did not have jurisdiction, all involve discrimination against an enrolled student on the basis of race or religion - not sexual harassment - and turn on the construction of Section 2(a), not Section 2(g). *See Barrett v. City of Worcester Sch. Dep't*, 23 MDLR 22 (2001) (involving allegations of discrimination and denial of equal access to the school's baseball programs because of the complainant's religion); *Oliver v. Holyoke Comty Coll.*, 23 MDLR 291 (2001) (involving allegations of adverse treatment based on the complainant's race); *Adedeji v. Mass. Coll. of Liberal Arts*, 25 MDLR 194 (2003) (involving allegations of race and color discrimination). The Commission dismissed those cases because Section 2(a) of Chapter 151C, by its terms, applies only to individuals "seeking admission" to an educational institution. *See Oliver*, 23 MDLR at *1; *Barrett*, 23 MDLR at *2, n.3; *Adedeji*, 25 MDLR at *20.[4] Section 2(g), in contrast, applies to "students in any program or course of study in any educational institution." Mass. Gen. Laws ch. 151C, §2(g). In fact, the Commission has accepted jurisdiction in a sexual harassment case with facts similar to the facts in this case. *See* Kathy McCabe, *MCAD: probable cause for harassment by teacher*, Boston Globe, April 12, 2009, attached hereto at Tab 1.

---

[4] The decision in *Adedeji* also cites Section 3(a) which grants permission to persons "seeking admission" to an education institution who are "aggrieved by an alleged unfair educational practice" to file a complaint with the MCAD. *See Adedeji*, 25 MDLR at *20.

4

### B. Palmer High School is an "Educational Institution" under Chapter 151C.

Respondents next argue that Section 2(g)'s prohibition against sexual harassment of students does not apply to public schools because the definition of "educational institution" contained in Section 1(b) of Chapter 151C is limited to schools to which "admission" is required and that "admission" to a public high school, like Palmer High School, is not required. The argument fails for at least two reasons. First, Chapter 151C defines "educational institution" as "**any** institution for instruction or learning . . . including primary and secondary schools, which accepts applications for admission from the public generally and which is not by its nature distinctly private . . . ." Mass. Gen. Laws ch. 151C, § 1(b) (emphasis added). A public high school accepts "applications for admission from the public generally." Second, the fact that Palmer High School is a public high school does not mean that "admission" is not required or that it has no admission criteria. *See, e.g.,* Mass. Gen. Laws ch. 71, § 5 (authorizing public schools not to admit students not residing in municipality); Mass. Gen. Laws ch. 71, § 37H(e) (authorizing schools not to admit students who have been expelled); Mass. Gen. Laws ch. 76, § 15 (requiring vaccination prior to admission to school).

Respondents' restrictive construction not only ignores the words of the statute itself, it also ignores the legislative intent and the position of the Commission itself with regard to the scope of Chapter 151C. "In construing statutes, '[t]he general and familiar rule is that a statute must be interpreted according to the intent of the Legislature ascertained from all of its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers be effectuated.'" *Bd. of Educ. v. Assessor of Worcester*, 368 Mass. 511, 513 (1975), quoting *Indus. Fin. Corp. v. State Tax*

*Comm'n.*, 367 Mass. 360, 364 (1975). Civil rights statutes must be construed "liberally, giving effect to every provision to produce a consistent body of law." *Thurdin v. SEI Boston, LLC*, 452 Mass. 436, 444 (2008). "The rule for construction of remedial statutes is that cases within the reason, though not within the letter, of a statute shall be embraced by its provisions...." *Batchelder v. Allied Stores Corp.*, 393 Mass. 819, 822 (1985), quoting 2A C. Sands, Sutherland Statutory Construction § 54.04, at 570 (4th ed. 1984). The provisions of Chapter 214, Section 1C plainly demonstrate that that legislature intended to provide a remedy for a student like Jane Doe who has been sexually harassed by a teacher. *See* Mass. Gen. Laws ch. 214, § 1C ("A person shall have the right to be free from sexual harassment, **as defined in chapter ... one hundred and fifty-one C**") (emphasis added); *Lowery*, 446 Mass. at 578 (holding that Chapter 214 incorporates academic environment criterion for actionable sexual harassment). The Respondents' contention, taken to its logical conclusion would deny Ms. Doe any relief under state law at the Commission or in court. Respondents' reading is also contrary to the position taken by the Commission concerning the scope of Chapter 151C. The Commission has stated that "Chapter 151C, the Fair Educational Practices Act, designates the Commission as the agency with power to enforce its mandates and prohibitions.... **Its coverage extends to private and public secondary schools,** as well as colleges, business schools, and other post-secondary educational institutions." *Beagan v. Town of Falmouth Sch. Dept.*, 9 MDLR 1209, *3 (1987) (emphasis added). The Commission's interpretation of Chapter 151C, which it has been tasked to enforce, is entitled to substantial deference. *See, e.g., Dahill v. Police Dept. of Boston*, 434 Mass. 233, 239 (2001).

### C. Chapter 151C Provides for Claims against Individuals

Finally, Respondents contend that the claims against the individual respondents should be dismissed because Chapter 151C does not provide for claims against individuals. Respondents' Motion, p. 5. The Commission has jurisdiction over individuals under Chapter 151C, Section 2(g). *See, e.g., MCAD v. Blaine the Beauty Career School & Supplies*, 29 MDLR 28, *30 (2007) (finding educational institution and instructor jointly and severally liable for unlawful sexual harassment in an educational institution); McCabe, *supra* (discussing probable cause finding by Commission with regard to sexual harassment complaint filed against teacher, school committee and city).

In this case, individual respondents Saltzman, Lynch, St. Amand, Janasiewicz, Gallagher, Fournier and Rathbone are named in their capacities as members of the Palmer School Committee, as Superintendent of Palmer Public Schools, and as Principal of Palmer High School. The Commission's jurisdiction over individuals in control of a respondent entity is well-established. *See, e.g., Hope v. San-Ran, Inc.*, 8 MDLR 1195, *18 (1986) (finding employer corporation, sexual harasser employee and individuals in their capacities as directors and shareholders of corporation jointly and severally liable for sexual harassment of complainant under Chapter 151B).

### III. Conclusion

For all the foregoing reasons, the Commission should deny Respondents' Motion to Dismiss.

The Complainant,
JANE DOE
By Her Attorneys:

Dated: May 20, 2009

/Katherine Robertson/
Jeffrey E. Poindexter – BBO #631922
Katherine A. Robertson – BBO #557609
Bulkley, Richardson and Gelinas, LLP
1500 Main Street – Suite 2700
Springfield, MA 01115
Tel: (413) 781-2820
Fax: (413) 272-6805
jpoindexter@bulkley.com
krobertson@bulkley.com

### Certificate of Service

I, Jeffrey E. Poindexter, attorney for the complainant Jane Doe, hereby certify that a true copy of the above document was served upon the attorney of record for each party by ~~mail~~ hand on May 20, 2009.

/Katherine Robertson/
Katherine A. Robertson

8