**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

**CIVIL ACTION NO. 11-cv-30155**

| | | |
|---|---|---|
| **Jane Doe,** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **DEFENDANT, PATRICK VAN AMBURGH'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| | ) | |
| **Gerald Fournier, as** | ) | |
| **Superintendent of Palmer Public Schools,** | ) | |
| **Palmer Public Schools, Et Al.** | ) | |
| **Patrick Van Amburgh** | ) | |
| **Defendants** | ) | |

## Discussion

### 1. Whether the Court may, sua sponte, interpret Massachusetts state law, absent guidance from the Supreme Judicial Court?

This Court correctly noted, in its Memorandum and Order, dated February 22, 2012, a private right of action against Patrick Van Amburgh does not exist under **Mass. Gen. Laws Ch. 214 s. 1C**. Moreover, this Court was well within its discretion in to take the opportunity to interpret the interplay between **Mass. Gen. Laws Ch. 151C** and **Mass. Gen. Laws Ch. 214 s. 1C.**

Plaintiff's appeared to suggest, in Plaintiff's Limited Motion for Reconsideration, that this Court lacks the authority to interpret, sua sponte, Massachusetts state law issues. This position is inconsistent with First Circuit Case law. Federal Courts retain their discretion to interpret gray areas of state law. As such, this Court is free to exercise its sound discretion when navigating uncharted waters of Massachusetts state law.

The First Circuit Court of Appeals, in Noonan v. Staples, Inc., 556 F.3d 20, 30 (1st Cir. 2009), held that "We must tread lightly in offering interpretations of state law where controlling precedent is scarce. **We are also obliged to provide our "best guess" as to open questious of**

Construed as a motion to reconsider the court's allowance of Plaintiff's motion to reconsider (Dkt. 52), this is DENIED. The filing is untimely and the court's ruling was well supported. The issue may be addressed once more at a later stage of the litigation, if appropriate. So ordered. Michael A. Ponsor USDJ 3.28.12

57